IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN,<br><br>      Petitioner,<br><br>   vs.<br><br>ROBERT HOREL, Warden,<br><br>      Respondent. | No. C 06-05553 JW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner currently incarcerated at the Folsom State Prison in Represa, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing at Corcoran State Prison ("CSP") that resulted in the forfeiture of good time credits. Finding the petition stated a cognizable claim under § 2254, the Court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer, and petitioner filed a traverse.

**BACKGROUND**

On October 15, 2005, while incarcerated at CSP, petitioner was found in a physical altercation with his cell-mate when Correctional Officer Bumby opened

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\11.28.2007\06-0553 Newman05553_denyHC.wpd

petitioner's cell door to let the inmates out for a shower. (Pet. 2.) Officer Bumby saw both inmates striking each other with fists to their upper body regions. (Resp't Ex. 5.) Petitioner states in his petition that his inmate attacked him, and petitioner defended himself. Id. Officer Bumby ordered the inmates to desist, and when the inmates failed to comply, fired rubber bullets from his weapon. Id., (Resp't at 3.). Both inmates were handcuffed and escorted out of the unit. Id. Petitioner was issued a CDC Form 115 Rules Violation Report ("RVR") charging him with the serious rule violation of mutual combat in violation of 15 Cal. Code Regs. § 3005(c). (Resp't Ex. 5.)

Prior to the hearing held on November 11, 2005, petitioner was provided with notice of the hearing and the charges against him. (Resp't Ex. 5.) At the hearing, petitioner pled not guilty, but based on the evidence presented, including petitioner's own testimony, the RVR, and the medical report documenting the other inmate's injuries sustained from the altercation, petitioner was found guilty of "mutual combat with no serious injury where the aggressor cannot be determined" and assessed a ninety day forfeiture of good time credits. (Resp't Ex. 6.) No investigative employee was assigned to petitioner's case, and no staff assistant was assigned to petitioner at the hearing. Id. Petitioner did not request any witnesses at the hearing. Id.

Petitioner alleges that although he attempted to exhaust his administrative remedies by filing appeals numerous times, the appeal's coordinator refused to file and process the appeals. (Pet. 9.) Petitioner's state habeas petition was denied by the California Supreme Court on August 23, 2006. (Pet. 62.) Petitioner filed the instant federal petition on September 11, 2006.

## DISCUSSION

A.  <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf

of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Jodges, 423 U.S. 19, 21 (1975). A claim which, if successful, would result in the restoration of time credits is properly brought in habeas because success on such claims could result in the inmate's earlier release from prison.

B. Petitioner's Claims

Petitioner claims the following constitute due process violations at his disciplinary hearing as grounds for federal habeas relief: 1) he was denied the right to have witnesses appear in his defense; 2) the RVR was issued in retaliation for his filing a grievance against a peace officer; 3) the senior hearing officer was instructed to find petitioner guilty prior to the hearing; 4) he was not assigned an investigating employee ("IE") to gather information which the petitioner could not while housed in administrative segregation ("ad-seg"); and 5) the senior hearing officer "falsely documented" what petitioner said in the final disposition report. (Pet. 4-5.) Of these five claims, only claims 1 and 4 allege violations of procedural due process mandated by Wolff v. McDonnell, 418 U.S. 539 (1974).

1. Due Process

Due process requires five procedural protections in connection with prison discipline that results in the forfeiture of time credits. Wolff, 418 U.S. at 556.[1] First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for

---

[1] To the extent there may be any additional procedures provided under state law, the Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that prisons comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\11.28.2007\06-0553 Newman05553_denyHC.wpd    3

the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570. The record reveals, and petitioner does not dispute, that he received written notice of the charges well over 24 hours prior to the hearing and that there was a written statement as to the findings and reasoning of the disciplinary decision. (Resp't Ex. 6.) Furthermore, the record shows that petitioner was permitted, but chose not to, call witnesses and present documentary evidence, and that staff assistant was not assigned because petitioner spoke English, was literate, and petitioner confirmed that staff assistance was not necessary. (Resp't Ex. 6.) There is no evidence to support petitioner's first claim that he was denied his right to present witnesses. Consequently, the above five due process requirements were met.

Additionally, the revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary board are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. See id. at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. See id. The relevant question is whether

1   there is any evidence in the record that could support the conclusion reached by the
2   disciplinary board.  See id.  The Ninth Circuit additionally has held that there must
3   be some indicia of reliability of the information that forms the basis for prison
4   disciplinary actions.  See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).
5   Here, the evidence of guilt consisted of a detailed statement by the correctional
6   officer who witnessed the fight between the inmates, the documentation of the other
7   inmate's injuries sustained by the altercation, and petitioner's own contradictory
8   testimony that he "grabbed [the other inmate] and held him on the ground" and then
9   next stating that "[the other inmate] kept rushing me!." (Resp't Ex. 6.)  Petitioner
10  does not assert, and there is no indication, that this evidence was not sufficiently
11  reliable to satisfy the requirements of due process.

12      Because the procedural protections set forth in Wolff were met in this case,
13  and the discipline was supported by "some evidence," there was no violation of
14  petitioner's right to due process.  Accordingly, petitioner is not entitled to habeas
15  relief on this claim.

### 2. Right to Investigative Employee

17      Petitioner claims that he was denied his right to an IE to investigate the
18  matter while he was housed in ad-seg.  The record does not support this claim, and
19  petitioner has provided no evidence to the contrary.  Petitioner has demonstrated that
20  he is capable of requesting an IE when provided with the opportunity to do so; the
21  record reveals that petitioner requested an IE in the matter of another RVR charging
22  him with falsification of documents and false allegations against a peace officer.
23  (Pet. 31.)   In the RVR at issue here, petitioner was given the same opportunity to
24  request an IE but chose to waive the request.  (Resp't Ex. 4.)  Nor did petitioner
25  make any new request for an investigative employee at the hearing.  (Resp't Ex. 6.)
26  Therefore, there was no due process violation in petitioner not having an
27  investigative employee assigned to his case because petitioner waived the request.
28  Petitioner's claim is without merit.

3. <u>Remaining Claims</u>

Petitioner's remaining claims that the RVR was issued in retaliation for his filing a grievance against a peace officer, that the senior hearing officer was instructed to find petitioner guilty prior to the hearing, and that the senior hearing officer "falsely documented" what petitioner said in the final disposition report do not amount to violations of due process. A prisoner's right to due process is violated "only is he [is] not provided with process sufficient to meet the <u>Wolff</u> standard." <u>Walker</u>, 14 F.3d at 1420. Here, petitioner was afforded all the procedural protections mandated by <u>Wolff</u>. <u>See</u> *supra* at 4. Even assuming that petitioner's allegations of retaliation and the instruction to the senior hearing officer to find petitioner guilty were true, there is some evidence on the record to support the guilty finding regardless of the alleged motivations behind the RVR. <u>See</u> <u>Hill</u>, 472 U.S. at 454. With respect to the last claim, even if petitioner's statements were incorrectly stated in the final disposition report, there was other evidence in the record, including the RVR report containing Officer Bumby's eye-witness account of the altercation, to support the guilty finding. <u>Id.</u> Moreover, the possibility that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. <u>See</u> <u>Ricker v. Leapley</u>, 25 F.3d 1406, 1410 (8th Cir. 1994); <u>McCrae v. Hankins</u>, 720 F.2d 863, 868 (5th Cir. 1983).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall terminate any pending motions.

DATED: November 16, 2007

JAMES WARE
United States District Judge